FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN -5  AM 6:52

LORETTA G. WHYTE
        CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD R. PENA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 97-145** |
| **UNITED STATES OF AMERICA** | * | **SECTION "L"** |

## ORDER

Pending before the Court is Petitioner Richard R. Pena's Motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure to Vacate the Judgement as Void, his Motion under Rule 56 of the Federal Rules of Civil Procedure for Summary Judgment, his Motion for the Court to Enter a Default Judgment Under Rule 55 of the Federal Rules of Civil Procedure and his Motion to Dismiss. For the following reasons, the Court construes the Petitioner's Rule 60(b)(4) Motion as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 and DISMISSES that Motion for lack of subject matter jurisdiction. The Court also DISMISSES the Petitioner's Motion for Summary Judgment, Motion for Default Judgment and Motion to Dismiss.

On July 17, 1998, a federal grand jury returned a fourteen-count third superseding indictment against the Petitioner charging him with various drug trafficking offenses, which included one count of knowingly and intentionally engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; two counts of conspiracy to possess controlled substances with intent to distribute, in violation of 21 U.S.C. § 846; six counts of murder, in violation of 21

___ Fee_____
___ Process_____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No_____

U.S.C. § 848; two counts of conspiracy to commit murder, in violation of 18 U.S.C. § 848; one count of knowingly and intentionally using a telephone to facilitate the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843; one count of conspiracy to invest illicit drug profits, in violation of 21 U.S.C. § 848; and one count of conspiring to launder money, in violation of 18 U.S.C. § 1956. On January 14, 1999, the Petitioner pled guilty to all counts pursuant to a plea agreement with the government. The plea agreement provided that the government would recommend a sentence of life imprisonment without the possibility of release and would not seek the death penalty. The plea agreement also contained a term providing that the Petitioner would not contest his sentence on direct appeal or in a post-conviction proceeding unless his sentence exceeded the terms provided in the applicable sentencing guidelines or statute. Specifically, the Petitioner "expressly waive[d] the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United states Code, Section 3742...and further agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255." Plea Agreement at 2.

On March 11, 1999, the Court sentenced the Petitioner to life imprisonment without the possibility of release and a fine of $2,500,000. The Petitioner filed a motion and amended motion to vacate, set-aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Section 2255 motion and amended motion were subsequently denied by this Court on June 28, 2001.

On October 2, 2006, more than six years after his sentencing, the Petitioner filed the instant Rule 60(b)(4) motion contending that this Court lacked jurisdiction to hear his case. He argues that Article III of the Constitution; 18 U.S.C. § 3231, the federal statute granting district courts original and exclusive jurisdiction over matters, and the federal statute under which he

was charged do not vest this Court with jurisdiction over his case. Petitioner's principal argument is that Title 21 of the United States Code is invalid because it was enacted pursuant to President Nixon's declaration of the "war on drugs" absent a formal declaration from Congress, as required by Article I of the United States Constitution. On November 9, 2006, the Petitioner filed a Petition for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. In his Petition, he states that he is entitled to summary judgment in his favor on his Rule 60(b)(4) Motion and his sentence must be vacated, as the Court failed to respond to his Rule 60(b)(4) Motion within thirty days. The Petitioner also subsequently filed a Motion for Default Judgment under Rule 55 of the Federal Rules of Civil Procedure and a Motion to Dismiss.

**Law and Analysis**

The Court first addresses the fact that Petitioner filed his Motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may relieve a party from a final civil judgment because the judgment is void. Fed. R. Civ. P. 60(b)(4). Relief under Rule 60(b)(4) is considered an "extraordinary remedy." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). "A judgment is void [under Rule 60(b)(4)] only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (quoting *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984) (internal quotations omitted)). "[W]hen deciding whether an order is "void under Civil Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and there is no arguable basis on which it could have rested a finding that it had no jurisdiction." *United States v. Hartwell*, 448 F.3d 707, 722 (4th Cir. 2006).

However, the Federal Rules of Criminal Procedure, and not the Federal Rules of Civil Procedure, apply to a criminal sentence. Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the counterpart to Civil Rule 60(b)(4), is "even more rigid" than the Civil Rule. *Hartwell*, 448 F.3d at 723. Criminal Rule 12(b)(3)(B) provides that the entry of a final conviction and sentence bars argument that the district court lacks subject matter jurisdiction.[1] *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (affirming district court order denying Rule 12(b) motion because proceedings were no longer pending pursuant to prisoner's conviction).

However, a convicted defendant has a statutory collateral avenue for attacking the district court's subject matter jurisdiction to enter his conviction and sentence after they have become final under 29 U.S.C. § 2255. A Section 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Accordingly, the Court will construe the instant Motion as a second or successive motion to vacate, set aside or correct the petitioner's sentence pursuant to 28 U.S.C. § 2255, as the Petitioner previously filed a Section 2255 motion which was denied by this Court.

Title 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to move in the appropriate court of appeals for an order permitting the district court to consider a successive Section 2255 motion. Because the Petitioner has not requested nor obtained certification from the United States Fifth Circuit Court of Appeals to file his successive Section 2255 Motion, this Court does not have jurisdiction to proceed. *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998); *see Patton*, 309

---

[1] Fed. R. Crim. P. 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."

F.3d at 1094 (stating that prisoner could not seek relief under Rule 12(b)(2) to avoid Section 2255 authorization requirement as the Court had "consistently held that inmates may not bypass the limitation on successive habeas petitions in this fashion.").

Furthermore, the Court notes that even if the Petitioner had filed a request to enter a Section 2255 motion with the Fifth Circuit Court of Appeals, the plea agreement he executed restricts the scope of this Court's collateral review. The plea agreement includes an express waiver by the Petitioner of his right to contest his sentence in any post-conviction proceeding, including his right to file Section 2255 motions. "An informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, ineffective assistance of counsel claims survive a waiver if "the claimed assistance directly affected the validity of [the] waiver of the plea itself." *United States v. White*, 307, F.3d 336, 343 (5th Cir. 2002). Accordingly, as stated by this Court in its previous order denying the Petitioner's original 2255 motion, the Petitioner is permitted to challenge his sentence on the grounds that his plea was not knowing and voluntarily given and that he received ineffective assistance of counsel. The Court denied the Petitioner's motion on these grounds, finding that he received effective assistance of counsel and his plea was both informed and voluntary (Rec. Doc. 1275). Thus, this Motion is unauthorized and prohibited pursuant to the plea agreement the Petitioner executed.

Accordingly, as the Court does not have jurisdiction to consider Petitioner's successive Section 2255 Motion, IT IS ORDERED that this Motion is hereby DISMISSED. IT IS FURTHER ORDERED that the Petitioner's Motion for Summary Judgment, Motion for Declaratory Judgment and Motion to Dismiss shall also be DISMISSED as the Court does not have jurisdiction to hear the Petitioner's Section 2255 motion and Rules 56, 55 and 12(b) of the

Federal Rules of Civil Procedure are not applicable to the present issue.

New Orleans, Louisiana, this 4th day of January, 2007.

United States District Judge